**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-4771**

───────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

         v.

CLARENCE JAMAR GRAHAM,

                    Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:21-cr-00095-D-1)

───────────────

Submitted:  November 15, 2024                          Decided:  January 7, 2025

───────────────

Before HARRIS, HEYTENS, and BENJAMIN, Circuit Judges.

───────────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clarence Jamar Graham pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, and possession with intent to distribute 40 grams or more of fentanyl and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), 18 U.S.C. § 2. The district court sentenced him to 300 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Graham's sentence is reasonable. Although notified of his right to do so, Graham has not filed a pro se supplemental brief. The Government moves to dismiss Graham's appeal pursuant to the appellate waiver in his plea agreement. We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id*. "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Graham knowingly and intelligently waived

2

his right to appeal his convictions and sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable. Furthermore, the sentencing issue raised in the *Anders* brief falls squarely within the waiver's scope.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Graham's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We affirm as to any issue not encompassed by the waiver.

This court requires that counsel inform Graham, in writing, of the right to petition the Supreme Court of the United States for further review. If Graham requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Graham. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3